IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nisha Nisha,<br><br>   Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>   Respondents. | No. CV-26-00493-PHX-KML (ASB)<br><br><br>**ORDER** |

  On January 27, 2026, Petitioner, through counsel, filed a habeas corpus petition under 28 U.S.C. § 2241 seeking release from immigration detention. (Doc. 1). By Order dated January 28, 2026, the Court ordered Respondents to show cause for why the Petition should not be granted. (Doc. 5). The Petition is now fully briefed. (Docs. 6, 7). For the reasons that follow, the Court will grant the Petition and order that Petitioner be immediately released from custody.

**I. Background**

  Petitioner is a native of India who entered the United States on December 25, 2024 and was taken into custody; that same day, immigration proceedings were initiated against her. (Doc. 6-1 ¶¶ 5-6). On July 14, 2025, an immigration judge (IJ) ordered Petitioner removed from the United States, but granted withholding of removal to India. (*Id.* ¶ 10; Doc. 1-1 at 14-17). "As of November 17, 2025, [Petitioner] is still awaiting removal pending [Headquarters Removal and International Office (HQ-RIO)] guidance on third country removal." (Doc. 6-1 ¶ 13). On January 8, 2026, local ICE "reached out to HQ-

RIO for an update," and, on January 15, 2026, "referred [Petitioner's] case to HQ-RIO's jurisdiction." (*Id.* ¶¶ 15-16). "HQ-RIO is currently seeking third country for removal of Petitioner." (*Id.* ¶ 16).

As of the date of this Order, Petitioner remains detained by ICE.

## II. Legal Standard

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention."). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. 533 U.S. at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than 6-months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

## III. Discussion

Here, Petitioner's order of removal became final no later than 30 days after the IJ's July 14, 2025 removal order (i.e. no later than approximately August 14, 2025). 8 C.F.R. § 1241.1. As such, the § 1231(a) mandatory detention period expired 90 days later

1  (approximately November 14, 2025), and the "presumptively reasonable" *Zadvydas* period
2  expired 90 days after that (approximately February 14, 2026).  Accordingly, as of the date
3  of this Order, Petitioner has been detained beyond the "presumptively reasonable" period
4  articulated in *Zadvydas*.  As such, to obtain relief Petitioner must first provide "good reason
5  to believe that there is no significant likelihood of removal in the reasonably foreseeable
6  future," and, if she does so, Respondents "must respond with evidence sufficient to rebut
7  that showing." *Id.*

8  The Court finds that Petitioner has satisfied her initial burden because she has been
9  granted withholding of removal to India. (Doc. 1-1 at 14-17).  There is thus "good reason"
10 to believe that there is no significant likelihood of her removal to India in the reasonably
11 foreseeable future.  The burden thus shifts to Respondents to rebut that showing "with
12 evidence sufficient." 533 U.S. at 699.

13 Respondents have failed to do so.  Respondents indicate only that on July 23, 2025,
14 "ICE officers notified [HQ-RIO] that [Petitioner] is a third country removal"; that on
15 January 8, 2026, local ICE "reached out to RIO for an update"; and, on January 15, 2026,
16 "referred [Petitioner's] case to HQ-RIO's jurisdiction."  (Doc. 6-1 ¶¶ 13, 15, 16).
17 Respondents provide no evidence to support that a third country has even been identified
18 as a possible location to remove Petitioner, let alone that a third country has agreed to
19 accept Petitioner.  Nor have Respondents provided any evidence to support that removal
20 to a third country is significantly likely to occur in the reasonably foreseeable future.  This
21 is insufficient to discharge Respondents' burden under *Zadvydas*.  On the record presented,
22 no evidence supports that there is a significant likelihood that Petitioner will be removed
23 from the United States in the reasonably foreseeable future.  Accordingly, the Court will
24 grant the Petition and order that she be immediately released from custody.

25 **IT IS THEREFORE ORDERED** that:
26 (1) The Petition for Habeas Corpus (Doc. 1) is **granted**.
27 (2) Respondents must **IMMEDIATELY RELEASE** Petitioner from custody.
28 (3) Within **48 HOURS** of this Order, Respondents must file a Notice of

Compliance.

(4)   The Clerk of Court must enter judgment accordingly, and close this case.

Dated this 10th day of March, 2026.

*Krissa M. Lanham*

**Honorable Krissa M. Lanham**
**United States District Judge**